# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

No. 1:08-CR-116

United States of America

v.

Katherine Coleman Ferguson
                                      Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed February 24, 2010, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. The Original Conviction and Sentence

Defendant was sentenced on June 2, 2009, before The Honorable Ron Clark, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of Health Care Fraud, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 10 and a criminal history category of I, was 6 to 12 months. Defendant was subsequently sentenced to 3 years probation. On June 2, 2009, defendant commenced her term of probation in the Eastern District of Texas. On October 13, 2009, the term of probation was revoked, and Ms. Ferguson was sentenced to a 3-month term of imprisonment followed by a 3-year term of supervised release, subject to the standard conditions of release, plus special conditions of placement on home detention for the remainder of the 7-month custodial sentence imposed, to commence immediately upon release from confinement. During this time, the defendant shall remain at her place of residence except for employment or other activities approved in advance by the U.S. Probation Officer. The defendant shall maintain a telephone at her residence without "call forwarding," "a modem," "caller I.D.," "call waiting," or portable cordless telephones for the above period. At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The defendant is to pay the cost associated with her program of electronic monitoring; the defendant shall pay any financial penalty that is imposed by this judgment; financial disclosure; no new credit; no gambling; drug aftercare; prohibited from billing with any federally funded health care benefits program in connection with the delivery of, and payment for, health care benefits

and/or services during the period of probation; $7,383.98 in restitution; and a $100 special assessment.

## II. The Period of Supervision

On December 1, 2009, Ms. Ferguson commenced her term of supervised release in the Eastern District of Texas.
.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on February 24, 2010. The petition alleges that defendant violated the following conditions of release:

> Special Condition: Upon release from confinement, defendant shall serve the first seven (7) months of supervised release at a community correction center or halfway house to be designated by the U.S. Probation Office. Such facility will provide counseling and treatment for substance abuse, and the defendant shall comply with all the rules and regulations of that facility, including the participation in counseling and substance abuse treatment programs.

As grounds, the petition alleges that defendant, on February 17, 2010, was unsuccessfully discharged from Bannum Place of Beaumont Community Corrections Center, due to her failure to comply with the rules of the center.

## IV. Proceedings

On March 30, 2010, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of

supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant would agree to plead "true" to the allegation that he violated a special condition of supervised release by failing to comply with halfway house program rules and policies.[1] Further, the parties agreed the court should revoke defendant's supervised release and impose 6 months imprisonment, with no term of supervised release thereafter.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a special condition of supervised release by failing to comply with halfway house program rules and policies.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release. The original offense of conviction was a Class C felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 2 years. However, since defendant was previously revoked for a 3

---

[1] At the hearing, defendant initially pled not true. The court heard evidence concerning the alleged violation. The findings of the court are based on defendant's later plea of true and not on the evidence presented.

month term of imprisonment, the new maximum term of imprisonment is 21 months.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a special condition of supervised release by failing to comply with halfway house program rules and policies, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of I, the guideline imprisonment range is 3 to 9 months.

U.S.S.G. § 7B1.3(c)(3) indicates in the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. As such, Ms. Ferguson has 143 days of unserved community confinement. Additionally, her restitution balance is $7,383.98.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**<u>Findings:</u>**

Defendant pleaded "true" to the allegation that he violated a special condition of supervised release by failing to comply with halfway house program

rules and policies. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release by failing to comply with all rules and regulations of Bannam Place of Beaumont, a community corrections center.

**Conclusion and Justification:**

Defendant's violation is a Grade C violation with policy guidelines suggesting 3 to 9 months imprisonment upon revocation. Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of supervision by failing to comply with halfway house program rules and policies. As such, incarceration appropriately addresses defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

## RECOMMENDATIONS

1. The court should find that defendant violated a special condition of supervised release, by failing to comply with halfway house program rules and policies, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of 6 months.

4. Upon release of imprisonment, defendant should not be placed on supervised release.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to

object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __1__ day of April, 2010.

_____
Earl S. Hines
United States Magistrate Judge